## PRIOLLAUD vs. HURST ET AL.

EASTERN DIS.
May, 1841.

PRIOLLAUD
vs.
HURST ET AL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

When the period within which a certain condition is to be performed has not yet arrived, the party is not *in morâ,* and the complaint of not complying is premature. In the meantime the adverse party must perform his part of the contract.

This is an action for the rescission of the sale of three squares of ground in Hurstville. The plaintiff alleges he was induced by the advertisement and plan of the town of Hurtsville to buy these squares, on which plan a rail-road figured; representing a rail-road running from the river Mississippi through Nashville street, to the Carrollton Rail Road, with an extensive car house in the middle. That in fact no such rail-road ever existed, but was falsely and fraudulently represented to deceive purchasers. He therefore prays for an injunction to restrain and enjoin an order of seizure and sale which had issued against these squares or lots of ground and that the sale be rescinded.

The defendant denied any fraud or concealment in the sale of the lots or squares in question, and negatived the allegations in the petition.

On the trial the plan and advertisement were produced in evidence. The plan on its face contradicted the allegations of the petition. Instead of a rail-road, the inscription on it was, "Nashville Rail-Road projected."

Upon the evidence adduced, which showed no deception or concealment in the sale of the lots, there was judgment for the defendant; and also dissolving the plaintiff's injunction. He appealed.

*Roselius.* for the plaintiff and appellant.

*Mc Kinney,* contra.

*Martin, J.* delivered the opinion of the court.

The plaintiff having purchased several squares of ground in

EASTERN DIS. the town of Hurstville, from the defendant, and having failed to
May, 1841. make his payment, the latter obtained an order of seizure and
PRIOLLAUD sale, whereupon the present suit was brought to rescind the
vs.
HURST ET AL: sale of said squares, and a provisional writ of injunction sued
out to suspend the execution of the order.

The alleged ground of rescission is, that the vendor exhibited
a plan of the new town, on which a rail-road was marked with
a depot designated near the squares purchased by the plaintiff,
although no such rail-road or depot existed at the time of sale ;
and every probability of the establishment of such a road has
long ago vanished.    That this was done with the view of de-
ceiving purchasers ; and among them the plaintiff.

The   defendant   pleaded   the   general   issue,   and that
the plaintiff had a clear knowledge of his intentions, which
were plainly stated and explained at the time of the auction
sale and in the advertisements which preceded it.

The injunction was dissolved and there was judgment in
favor of the defendant ; from which the plaintiff appealed.

When    the
period   within      The plan of Hurtsville contradicts the allegations in the pe-
which a certain
condition is to tition; the inscription on the plan being, "Nashville Rail-Road
be    performed
has not yet ar- projected."    The advertisements, which preceded the auction,
rived, the party announced that one half of the lots in the town, only, would be
is not in morâ
and the com- sold, and the other half reserved to be offered to the Nashville
plaint of   not
complying    is and New Orleans Rail-Road ·Company for the purpose of
premature.   In
the   meantime building a branch road to the  designated depot in Hurstville ;
the adverse par- and in case it was not accepted before the completion of this
ty must per-
form his part of road to Nashville, then these squares or lots shall be sold for
the contract.
the purpose of constructing a branch of said road.

It appears that the offer was made to the New Orleans and
Nashville Rail-Road Company and declined, for reasons which
entirely exculpate the defendant ; and as on this refusal he was
not bound to sell the reserved lots for the purpose of making a
branch rail-road to Hurstville, until the main road reached
Nashville, a period which has not yet arrived, he is not in
morâ, and the complaint of the plaintiff is therefore premature.

The plaintiff's counsel has further contended that the defen-

dant has made a cession of his property to his creditors and is unable to comply with the conditions of the sale. The cession was neither alleged nor proved, and consequently cannot be examined or noticed in this case.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be affirmed with costs.